**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4926**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JULIAN CHAVEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., Chief District Judge.  (3:05-cr-00002)

_____

Submitted:  September 11, 2007     Decided:  September 13, 2007

_____

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Noell P. Tin, TIN FULTON GREENE & OWEN, P.L.L.C., Charlotte, North Carolina, for Appellant.  Amy E. Ray, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julian Chavez appeals his conviction and the 180-month sentence imposed after he pleaded guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2000), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). On appeal, counsel filed an Anders[*] brief, in which he states there are no meritorious issues for appeal. In a pro se supplemental brief, Chavez asserts that his right to a speedy trial was violated and that his guilty plea was not knowing and voluntary because the district court failed to properly inform him of the nature of the firearm count. We affirm.

Chavez did not move in the district court to withdraw his guilty plea, therefore we review his challenge to the adequacy of the Rule 11 hearing for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Prior to accepting a guilty plea, the trial court must ensure the defendant understands the nature of the charges against him, the mandatory minimum and maximum sentences, and other various rights, so it is clear that the defendant is knowingly and voluntarily entering his plea. The court must also ensure that there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(1), (3); United States v. DeFusco, 949 F.2d

_____

[*]Anders v. California, 386 U.S. 738 (1967).

- 2 -

114, 116, 120 (4th Cir. 1991). Our review of the plea hearing transcript reveals that the court conducted a thorough Rule 11 colloquy that assured Chavez's plea was knowing and voluntary. Because we conclude that Chavez validly entered a plea of guilty, his speedy trial claim is waived. 18 U.S.C. § 3162(a)(2) (2000) ("Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."); Tollett v. Henderson, 411 U.S. 258, 267 (1973).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Chavez's conviction and sentence. We deny counsel's motion to withdraw from representation and deny Chavez's motion for appointment of new counsel. This court requires that counsel inform Chavez, in writing, of the right to petition the Supreme Court of the United States for further review. If Chavez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Chavez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -